IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00523-BNB
(Removal from Arapahoe County District Court, State of Colorado, Case No. 2012C303066)

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDER
    CWALT, INC., ALTERNATIVE LOAN TRUST 2006-35CB, MORTGAGE PASS-
    THROUGH CERTIFICATES SERIES 2006-35CB

    Plaintiffs,

v.

BARRY L. OVERTON,
LITISHA C. TURNER, and
ANY AND ALL OCCUPANTS 3872 PERTH STREET, AURORA, COLORADO 80013

    Defendants,

ORDER FOR SUMMARY REMAND

Eliseo Adame Manzanares, acting *pro se*, has filed a Notice of Removal and a request to proceed without payment of the filing fee. Although Mr. Manzanares is not specifically named as a defendant in the complaint filed in the state court, the Court will construe Mr. Manzanares as a defendant identified in the caption as "Any and All Occupants."

Mr. Manzanares seeks to remove to this Court Case No. 2012C303066, a state unlawful detainer proceeding filed by Plaintiff pursuant to Colo. Rev. Stat. § 13-40-104(1)(f). The state detainer proceeding seeks to remove Mr. Manzanares and others from property that has been foreclosed and Plaintiff has acquired through the redemption proceedings under Colo. Rev. Stat. § 38-38-302.

This Court must construe the Notice of Removal liberally because Mr. Manzanares is acting *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court has reviewed the Notice of Removal and finds that it is deficient.

Mr. Manzanares does not assert federal jurisdiction on any basis other than his counterclaims.  Removal is permitted only where the existence of a federal claim appears on the face of a well-pleaded complaint.  *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002).   Accordingly, Mr. Manzanares has not met his burden to establish subject matter jurisdiction.

With respect to Mr. Manzanares's assertion that he seeks removal pursuant to 28 U.S.C. § 1443, the Court finds that he fails to meet the requirements as set forth in § 1443(1) for removing the unlawful detainer proceeding from a state court.  Although § 1443 authorizes the removal to federal court of certain civil rights cases, the two requirements for removal under § 1443(1) are narrow and well-defined.  *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997).

"First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' " *Johnson*, 421 U.S. at 219 (quoting § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal

> rights is left to the state courts except in the rare situations
> where it can be clearly predicted by reason of the operation
> of a pervasive and explicit state or federal law that those
> rights will inevitably be denied by the very act of bringing the
> defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).

Mr. Manzanares asserts in a conclusory and vague fashion that he is denied or is not able to enforce in Colorado state courts his constitutional rights and his rights under 42 U.S.C. § 3603(a)(b)(1)(A)(B), a federal law that provides for equal rights of citizens. Mr. Manzanares does not state with any specificity how his civil rights, as they pertain to racial equality, would be denied in state court. Therefore, Mr. Manzanares does not meet the requirements as set forth under § 1443(1).

The Court also notes that removal pursuant to 28 U.S.C. § 1443(2) is not appropriate in this action. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. Manzanares does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

In sum, because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that this action is remanded summarily to the Arapahoe County

District Court.  It is

       FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Arapahoe County District Court at 1790 West Littleton Boulevard, Littleton, Co, 80120.  It is

       FURTHER ORDERED that all pending motions are denied as moot.

       DATED at Denver, Colorado, this  1st  day of   March  , 2013.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK , Senior Judge
                              United States District Court